UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE GUARDIAN LIFE
INSURANCE COMPANY OF
AMERICA,

    Plaintiff,

V.                                   Case No:  2:12-CV-323-FtM-99SPC

GEORGE WILLIS,

    Defendant.

_____/

## ORDER

This matter comes before the Court on Plaintiff The Guardian Life Insurance Company of America's Motion for Clerk's Entry of Default Against Defendant George Willis (Doc. #6) filed on July 23, 2012.  Plaintiff requests this Court enter a clerk's default against Defendant for failure to file an answer or other response to the Complaint or serve any other paper as required by law.  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within twenty-one (21) days after being served with the summons and complaint.  The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Before a clerk's default can be issued against the party, the serving party must establish that defaulting party was properly served.  Kelly v. Florida, 2007 WL 295419 *2 (11th Cir. Jan. 31, 2007).  According to the Federal Rules service upon an individual is made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the

service of a summons upon a defendant in an action brought in the courts of general jurisdiction of the State. Fed. R. Civ. P. 4(e). Under Florida law service upon an individual must be effected "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading." City of Sweetwater Florida v. St. Germain, 943 So. 2d 259, 262 (Fla. 3d DCA 2006) (citing Fla. Stat. 48.031(1)(a)); Fla. R. Civ. P. 1.070.

Here, the service complies with Florida law. Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served . . . or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). Baca v. Zee Auto Center, Inc., 2007 WL 2298076 *1(M.D. Fla. Aug. 7, 2007). The Affidavit of Service indicates that Defendant was personally served the summons at his residence on June 26, 2012. (Doc. #6-1). Thus, service was proper.

Moreover, the twenty-one days allotted to the Defendant to respond to the Plaintiff's Complaint have come and passed with no response or motions filed by the Defendant. Consequently, because Plaintiff properly served Defendant and because Defendant failed to plead or otherwise defend this case within the required time, an order for a Clerk's Default is proper.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff The Guardian Life Insurance Company of America's Motion for Clerk's Entry of Default Against Defendant George Willis (Doc. #6) is **GRANTED**. The Clerk is directed to enter Clerk's default against Defendant, George Willis.

(2) The Clerk is directed to send a copy of this Order to Defendant George Willis, 21378 Percy Avenue, Port Charlotte, FL 33952.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of July, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record